UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CATRINA MCRUNELLS, individually and on behalf of all others similarly situated** | **CASE NO.:** |
| **VERSUS** | |
| **ACADIA HEALTHCARE COMPANY, INC.** | |

## COMPLAINT – FLSA COLLECTIVE ACTION

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Catrina McRunells, individually and on behalf of other similarly situated individuals, and respectfully submit this Complaint.

*Jurisdiction*

1.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this matter is brought under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*.

*Venue*

2.

Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because Plaintiff and a number of the putative members of this collective action class were employed and worked in this district while being subject to the Defendant's unlawful payroll scheme. Specifically, Plaintiff and a number of the putative members of this collective action class were employed at Acadia Health Care Company, Inc.'s ("Acadia") facility located at 11445 Reiger Rd., Baton Rouge, LA 70809.

*The Defendant*

3.

Made Defendant herein, and liable unto Plaintiff and other similarly situated individuals is Acadia, which is a foreign corporation that is not registered to do but is doing business in Louisiana.

4.

Acadia operates a substance abuse center located at 11445 Reiger Rd., Baton Rouge, LA 70809 under the trade name of Baton Rouge Comprehensive Treatment Center. Upon information and belief, Acadia rents the facility located at 11445 Reiger Rd., Baton Rouge, LA 70809.

5.

Despite not being authorized to do business in Louisiana, Acadia has purposefully availed itself of and enjoys the benefits of doing business in Louisiana and specifically in Baton Rouge, Louisiana.

6.

Based upon the above, it is foreseeable that Acadia would be haled into court in Louisiana to answer for its illegal wage practices that it has inflicted upon its Louisiana employees.

*Statement of Facts*

7.

Plaintiff and members of the putative collective action class were hired by the Defendant as substance abuse counselors to perform counseling services to Acadia's patients.

8.

Plaintiff and members of the putative collective action class were paid on an hourly basis. Despite being paid hourly, Plaintiff and members of the putative collective action were not paid overtime compensation.

9.

Plaintiff and members of the putative collective action class were non-exempt employees of the Defendant. The FLSA requires that Plaintiff and members of the putative collective action class be paid overtime for all hours worked in excess of 40 hours per week at a rate of one and one-half times their regular rate of pay.

10.

Defendant routinely required Plaintiff and members of the putative collective action class to work while off-the-clock. Specifically, Defendant required that Plaintiff and members of the putative collective action class to clock in every day at 5:30 A.M despite requiring its workers to arrive early and perform labor as early as 4:30 A.M. Additionally, Defendant required Plaintiff and members of the putative collective action class to clock out every day at 1:00 P.M. despite requiring its workers to attend a staff meeting that lasted routinely until after 2:00 P.M. or later. Further, Plaintiff and the members of the putative collective action class were required to work every other Saturday, and on those days, Defendant required its workers to clock out at 9:00 A.M. despite its workers remaining in the facility and performing work until 10:30 A.M. or later.

11.

In addition to forced off-the-clock work, Defendant required that Plaintiff and members of the putative collective action class to clock out each day for 30 minutes at lunch; however,

3

Defendant never allowed its workers to take an uninterrupted lunch break and were required to work and attend meetings during that "lunch break" without being compensated for same.

12.

All of the off-the-clock hours alleged herein were worked by Plaintiff and members of the putative collective action class without any compensation whatsoever.

13.

Defendant required its substance abuse counselors to work in excess of 40 hours per work week. Plaintiff routinely worked 45 or more hours in a work week.

14.

Defendant directed Plaintiff and the putative collective action class as to how, when, and where to perform their work. Defendant controlled the means and methods of their employment. Specifically, Defendant made decisions on the hiring and firing of Plaintiff and the putative collective action class. Further, Defendant made decisions on the wages earned and the hours worked by Plaintiff and the putative collective action class.

15.

Plaintiff and the collective action members were all employees of the Defendant during the time period to which this action pertains. Plaintiff began working for the Defendant in or about February of 2020 and her employment relationship with Defendant ended in or about April of 2020.

16.

The illegal payroll scheme identified herein was the policy of Defendant at the time Plaintiff began her employment with Defendant, and upon information and belief, continues presently as the policy of the Defendant.

*FLSA Collective Action Allegations*

17.

Plaintiff bring the claims set forth above on her own behalf and on behalf of all similarly situated persons employed, within the past three years, by Defendant as substance abuse counselors within the Baton Rouge facility located at 11445 Reiger Rd., Baton Rouge, LA 70809.

18.

The Defendant knows the precise number, as well as the identities, of individuals who would be eligible to participate in this collective action. To the extent required by law, notice will be provided to the prospective members of the collective action via first class mail and/or by use of other forms of notice that have customarily been used in collective actions, subject to court approval.

19.

There are questions of fact and law common to the class, including whether Defendant failed to pay sufficient overtime wages as required by the FLSA to individuals employed as substance abuse counselors. Specifically, Plaintiff and those similarly situated were subject to the same off-the-clock working conditions for which they were not compensated.

20.

Defendant is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

21.

On information and belief, Defendant has annual revenue that exceeds $500,000.00 for all years relevant to this matter.

22.

On information and belief, Plaintiff, during and in connection with her employment with Defendant, used computer systems, medicine, medical supplies, and instruments that were produced in interstate commerce.

23.

On information and belief, Defendant is in the business of providing inpatient healthcare related services to mentally ill individuals. Accordingly, Defendant is a covered enterprises under the FLSA.

24.

On information and belief, Defendant operates scores of mental health facilities throughout the United States, and is a publicly traded entity on the NASDAQ.

25.

Plaintiff and the collective action members that they seek to represent are similarly situated and are subject to the Defendant's unlawful employment practices outlined above. Plaintiff will fairly and adequately represent and protect the interests of the members of the collective action. Attorneys for Plaintiff are experienced in FLSA collective actions, and are prepared to advance litigation costs as necessary to vigorously litigate this action.

***Failure to Pay Overtime and Minimum Wages***

26.

Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

27.

The FLSA applies to the Defendant's employment of Plaintiff and all other substance abuse counselors employed by Defendant in its Baton Rouge, Louisiana facility.

28.

Section 207(a)(2)(C) of the FLSA mandates that employees are entitled to overtime pay at a rate of no less than one and one-half times the employee's regular rate for all hours worked in excess of 40 hours per week. Defendant failed to pay Plaintiff and those similarly situated any compensation for their forced off-the-clock work.

29.

Plaintiff and the putative collective action class are entitled to be paid at least the minimum wage for each hour that they worked throughout their employment with Defendant. Due to the forced off-the-clock hours worked, Plaintiff and those similarly situated did not earn a minimum wage for the off-the-clock hours.

30.

The Defendant has willfully refused to pay sufficient overtime wages to Plaintiff and the collective action members whom she seeks to represent for hours worked in excess of 40 hours per week in an attempt to extract a higher profit margin for the Defendant.

31.

Attached hereto and made a part hereof as Exhibit A are the *FLSA Consent to Sue* forms executed by Plaintiff in accordance with 29 U.S.C. §216(b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Catrina McRunells, individually and on behalf of the collective action members she seeks to represent, pray for the following relief:

1. Designation of this action as a collective action pursuant to the Fair Labor Standards Act claims and a prompt issuance of notice, pursuant to 29 U.S.C. §216(b), to all similarly situated members of the FLSA opt-in class notifying them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. §216(b) and equitable tolling of the statute of limitations

from the date of filing this complaint until the expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C. §216(b);

2. An award of damages as provided by the FLSA, including liquidated damages to be paid by Defendant;

3. An order appointing Plaintifs and their counsel to represent the collective action members;

4. Reasonable attorneys' fees, costs, and expenses of this action as provided by FLSA; and

5. Any other relief that this Court deems just.

Respectfully Submitted:

*/s/ James R. Bullman*
James R. Bullman, Bar Roll No. 35064 –T.A.
Brian F. Blackwell, Bar Roll No. 18119
*Blackwell & Bullman, LLC*
8322 One Calais Ave.,
Baton Rouge, LA 70809
Telephone: 225-769-2462
Facsimile: 225-769-2463
Email: james@blackwell-bullman.com
*Attorney for Plaintiffs*

And,

By */s/Kelley R. Dick, Jr.*
Kelley R. Dick, Jr., Bar #36434
Mansfield, Melancon, Cranmer & Dick, LLC
2133 Silverside Drive, Suite B
Baton Rouge, LA 70808
Telephone: (225) 385-7919
Facsimile: (225) 385-7806
Email: Kelley@mmcdlaw.com
*Attorney for Plaintiffs*