UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CATRINA McRUNELLS, individually
on behalf of all others similarly situated,

CIVIL ACTION

VERSUS

NO. 22-74-JWD-RLB

ACADIA HEALTHCARE COMPANY,
INC. and BATON ROUGE TREATMENT
CENTER, LLC

### RULING AND ORDER

Before the Court is the *Motion to Stay Briefing Schedule and to Authorize Jurisdictional Discovery* (Doc. 19) (the "*Motion to Stay*") filed by Plaintiff, Catrina McRunnels ("Plaintiff"). This motion was filed in response to the *Motion to Dismiss for Lack of Personal Jurisdiction* (Doc. 16) (the "*MTD*") filed by Defendant Acadia Healthcare Company, Inc. ("Acadia" or "Defendant"). The *Motion to Stay* is opposed by Defendant in its *Response in Opposition to Plaintiff's Motion to Stay . . . .* (Doc. 23.) Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, Plaintiff's *Motion to Stay* is denied.

**I.    Relevant Factual Background**

This is a Fair Labor Standards Act ("FLSA") case filed by Plaintiff Catarina McRunnells on behalf of herself and those similarly situated. Plaintiff filed a complaint against Acadia Healthcare Company, Inc. ("Acadia"), as the alleged operator of the Baton Rouge Treatment Center ("BRTC") where Plaintiff was employed as a substance abuse counselor. (Doc 1 at ¶4.) Plaintiff also alleges upon information and belief that Acadia rents the facility in which BRTC is housed. (*Id.*) Further Plaintiff argues that "[d]espite not being authorized to do business in Louisiana, Acadia has purposefully availed itself of and enjoys the benefits of doing business in

Louisiana and specifically in Baton Rouge, Louisiana." (*Id* at ¶5.) Lastly, Plaintiff asserts that based on the above, Acadia had fair notice that they would be haled into court in Louisiana. (*Id* at ¶6.) Plaintiff alleges in this case that Acadia violated the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. through policies and practices that required her and other substance abuse counselors to work off-the-clock before and after shifts and during lunch breaks. (*Id.* at ¶¶ 10–17.)

Responding to the complaint, Acadia filed a *MTD* urging a lack of personal jurisdiction. (Doc. 16.) In that motion Defendant argued firstly, that Plaintiff had not established personal jurisdiction either through general jurisdiction or specific jurisdiction. (Doc. 16-1.) In support of the first point, Defendant argues that "[t]his Court lacks general personal jurisdiction over Acadia because it does not have 'continuous and systematic' general business contacts with the State of Louisiana" because "Acadia is a Delaware corporation with its principal place of business in Franklin, Tennessee." (*Id* at 5.) As Defendant notes, "Acadia does not have an office or place of business in Louisiana, own real property in Louisiana, or maintain bank accounts in Louisiana, and it has never appointed an agent for service of process in Louisiana or sued anyone in Louisiana." (*Id*.) Defendant concludes that this is determinative on the question of whether the court has general jurisdiction over Acadia. (*Id* at 6.)

As to their second point, Defendant argues that "[t]his Court also lacks specific personal jurisdiction over Acadia because Plaintiff's claims in this action do not arise out of or result from any of Acadia's forum-related contacts." (*Id*.) Specifically the Defendant says "Plaintiff's claims in the Amended Complaint are for unpaid wages during her time at the Comprehensive Treatment Center, and the only entity that employed her at the Comprehensive Treatment Center—and thus was responsible for properly paying her under the FLSA—is BRTC, not Acadia" (*Id*.) The crux of

the argument is that BRTC and not Acadia is the responsible party in this case, and that no theory of liability can draw Acadia into court as the parent company of BRTC.

In response, the instant *Motion to Stay* was filed. (Doc. 19.) This court then is asked to resolve, whether plaintiff is entitled as a matter of law to jurisdictional discovery?

## II.    Legal Standard

"Discovery on matters of personal jurisdiction need not be permitted unless the motion to dismiss raises issues of fact; when the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000). "[A] party is not entitled to jurisdictional discovery if the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion." *Freeman v. United States*, 556 F.3d 326, 342 (5th Cir. 2009).

This Court has explained:

> [I]n order to be entitled to jurisdictional discovery, a plaintiff must make a preliminary showing of jurisdiction. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). He must present "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts." *HEI Res., Inc. v. Venture Research Inst.*, 2009 WL 2634858, at *7 (N.D. Tex. Aug 26, 2009) (Lynn. J.) (citing *Fielding*, 415 F.3d at 429). He must state what facts he believes discovery would uncover and how those facts would support personal jurisdiction. *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000). "Discovery on matters of personal jurisdiction . . . need not be permitted unless the motion to dismiss raises issues of fact. When lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Wyatt*, 686 F.2d at 284. The decision to allow jurisdictional discovery is within the discretion of the district court. *Fielding*, 415 F.3d at 419.

*BMTP, LLC v. RBH, Inc.*, No. 18-352, slip op. at 1–2 (M.D. La. Apr. 26, 2019) (Dick, C.J.), ECF 19 ("*BMTP Ruling*").

Thus, in *BMTP*, Chief Judge Dick granted a motion for extension of time to oppose motion to dismiss for lack of personal jurisdiction in part by allowing "an extension of time to oppose the motion." *Id.* at 2. However, this Court required plaintiff to "make this preliminary showing of jurisdiction in its opposition brief and satisfy the [above] requirements . . . to establish the need for jurisdictional discovery." *Id.*

### III.    Parties Arguments

In short, Plaintiff argues that limited jurisdictional discovery is appropriate in the case because 1) there needs to be a factual finding as to the extent of control exercised by Acadia over the Baton Rouge facility; 2) Acadia has not sufficiently distinguished itself from the Baton Rouge facility as McRunnell's employer; 3) there needs to be a factual finding per Acadia's reported property impairment charge to a facility in Louisiana; and 4) factually, Acadia is a publicly traded company. (Doc 19-1.) Further, she argues that jurisdictional discovery would not harm Defendant "given [the] level of… entanglement with the State of Louisiana." (*Id*. at 9.) Lastly Plaintiff lists specific facts that she hopes to produce through discovery and reiterates the request for a stay on briefing for jurisdictional discovery purposes. (*Id* at 9-10.)

Defendant argues in response, "[c]onduct like having a few employees of another subsidiary provide human resources support, issuing model policies, using shared branding, and making joint statements in a Form 10-K simply do not establish general jurisdiction over Acadia." (Doc 23 at 4-5.) Defendant continues by providing a considerable amount of case law which strongly suggests that in a case like this one (trying to exercise personal jurisdiction over a corporation through contacts with a subsidiary), it is highly unlikely that that a court could find sufficient contacts to exercise jurisdiction. (*Id* at 5-6.) Further, Defendant argues, "Plaintiff is wrong that Acadia would not be harmed by the ordering of additional discovery because such

discovery would require the expenditure of significant resources and unduly delay the resolution of this case." (*Id* at 6.) Defendant lastly argues that Plaintiff has failed to identify facts she believes would be uncovered in discovery that could establish this Court's jurisdiction over Acadia and goes through addressing each fact the Plaintiff has suggested she would look for and argues that they are nothing more than "argumentative questions." (*Id* at 7-16.)

IV.     **Analysis**

Having carefully considered the matter, the Court finds that Plaintiff has failed to make a preliminary showing of jurisdiction and thus should not be entitled to limited jurisdictional discovery. Again a plaintiff "must present factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts. He must state what facts he believes discovery would uncover and how those facts would support personal jurisdiction." *BMTP Ruling* at 2 (cleaned up). Further, plaintiffs are "not entitled to jurisdictional discovery if the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion." *Freeman* 556 F.3d at 341-42.

Here Defendant correctly points to a recently decided case in the United States District Court for the Eastern District of Louisiana, *Hamm v. Acadia Healthcare Co*., No. 20-1515, 2021 WL 1212539 (E.D. La. Mar. 31, 2021), on materially similar facts. In that case, as here, employee brought an unjust wages suit under the FLSA against both their employer as well as Acadia Healthcare, the employer's "parent" company. *Id*. Here, as there, Plaintiff sought to establish personal jurisdiction against the Defendant through either 1) joint employer status based on the FELA as a substitute for minimum contacts, 2) on a straightforward minimum contacts analysis or 3) on an agency/parent-subsidiary theory (claiming the parent Acadia had exercised sufficient control over the local clinic to make the clinic its agent or alter ego for purposes of personal

jurisdiction). *Id*. Judge Morgan granted the Plaintiff's request for jurisdictional discovery, but the Plaintiff was unable to produce requisite evidence to establish any of the three theories of jurisdiction. *Id*.

The court reasoned as to the first theory, that there was "no Fifth Circuit case holding that joint employer status under the FLSA is a substitute for the minimum contacts test in determining whether a Court may exercise personal jurisdiction over an out of state defendant." *Id.* at 7. Further on the first point, the court concluded, "'joint employer theory and similar concepts are relevant for determining liability [as an employer under the FLSA], but are not for determining whether a court may exercise personal jurisdiction over a party.'" *Id*. (quoting *In re Enterprise Rent-A-Car Wage & Hour Employment Practices Litigation*, 735 F. Supp. 2d 277, 328 (W.D. Pa. 2010)).

As to the second point, the district court found on every level that Plaintiff had not established the minimum contacts necessary for specific jurisdiction.

> Acadia has not purposefully directed its activities at Louisiana and this litigation does not result from alleged injuries that arise out of or relate to those activities. Acadia has not purposefully availed itself of the privilege of conducting activities within Louisiana, thus invoking the benefits and protections of its laws. Acadia could not reasonably have anticipated that it would be haled into court in Louisiana. The Plaintiff has not met her burden of proving personal jurisdiction exists. Subjecting Acadia to personal jurisdiction in Louisiana would offend 'traditional notions of fair play and substantial justice and, as a result, not comport with due process.

*Id.* at 10. The court reached this result in spite of the fact that there were other pending lawsuits in other States such as Arkansas and Florida that proceeded on similar theories of liability because Plaintiff did not provide "any proof that Acadia has similar levels of contacts in Louisiana as it does with other states in which lawsuits are pending." *Id.* at 13.

As to the parent-subsidiary theory the court ran the facts of this case through the Fifth Circuit's seven factor test for determining whether a parent company could be the agent of a subsidiarity for purposes of suit. *Id* at 11. Those factors are:

> (1) [the] amount of stock owned by the parent of the subsidiary; (2) did the two corporations have separate headquarters; (3) did they have common offices and directors; (4) did they observe corporate formalities; (5) did they maintain separate accounting systems; (6) did the parent exercise complete authority over general policy; (7) did the subsidiary exercise complete authority over daily operations.

*Id.* (quoting *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 339 (5th Cir. 1999)). The district court proceeded through those factors and showed that in this case, Plaintiff had not presented evidence on those points to establish jurisdiction over Acadia as the parent company of the subsidiary. *Id*. Having then ruled out each of the three theories upon which Plaintiff attempted to establish personal jurisdiction against Acadia, the court then dismissed the claims against them. *Id.* at 13-14.

In the present case, Plaintiff has failed to mention *Hamm* at all. This is especially problematic (1) because the two cases present a nearly identical question of law, and (2) *Hamm* was mentioned in the original *MTD*.[1] The Court finds *Hamm* to be highly persuasive to the position that Acadia is not subject to personal jurisdiction in this state.

Again, *Freeman* stated, "[A] party is not entitled to jurisdictional discovery if the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion," 556 F.3d at 342. Moreover, *Freeman* requires that, for plaintiffs to have access to jurisdictional discovery, they must show that it is "likely" to produce the facts needed. *Id.* Considering that Plaintiff has not addressed why their claim is different from *Hamm*, where

---

[1] Indeed, Defense counsel represents that he even personally provided Plaintiff with a copy of the case before filing the *MTD* to ensure that Plaintiff was aware of it. (*See* Doc. 16-1 at 3 n.1.)

plaintiff was granted jurisdictional discovery and still failed to defeat the motion to dismiss, the Court will deny the *Motion to Stay*.[2]

### V.      Conclusion

Because in this case the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(2) motion, the *Motion to Stay Briefing Schedule and Authorize Jurisdictional Discovery* (Doc. 19) filed by Plaintiff, Catrina McRunnels is **DENIED**. Plaintiff is directed to file an adequate response to Defendant's *Motion to Dismiss for Lack of Personal Jurisdiction* (Doc. 16).  That response should include a discussion of the *Hamm* case.

Signed in Baton Rouge, Louisiana, on October 13, 2022.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[2] Additionally, the Court notes that, though the harm may be small, there is something to the Defendant's contention that jurisdictional discovery will cause an expenditure of resources on their behalf and delay the disposition of this case.  This is particularly true when weighted against *Hamm* and the other law highlighted above which shows that such discovery would be unnecessary.